UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JEFFRE BROWN**                         :         **DOCKET NO. 13-cv-2388**

**VERSUS**                               :         **JUDGE MINALDI**

**SULLAIR, LLC and SERVICE PUMP
& COMPRESSOR, INC.**                     :         **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 51] filed on August 6, 2015, by intervenors Spartech Polycom, Inc. ("Spartech") and Sentry Insurance, A Mutual Company ("Sentry") (collectively, "intervenors"). No opposition has been filed.

For the reasons stated below, the [12] order granting the [7] Motion to Intervene is **RESCINDED** and **IT IS RECOMMENDED** that the case be **DISMISSED** without prejudice pursuant to the court's authority to consider and apply *sua sponte* the provisions of Rule 19 of the Federal Rules of Civil Procedure.

## I.
### BACKGROUND

On or about January 6, 2013, plaintiff Jeffre Brown ("Brown"), a Louisiana citizen, allegedly suffered smoke inhalation during a fire at the facility of his employer, Spartech. Doc. 1, att. 1, pp. 3-6. He filed suit in the 14th Judicial District Court in Calcasieu Parish, Louisiana, against Sullair and Service Pump & Compressor, Inc. on June 13, 2013.[1] *Id.* at 3. Sullair removed

---

[1] Sullair is alleged to have owned the compressor that caught fire and Service Pump & Compressor is alleged to have been under contract with Spartech to repair the compressor. Doc. 1, att. 1, p. 4.

the case to this court on July 31, 2013, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1, p. 1. No party objected to the removal or moved to remand at that time. On September 5, 2013, Brown amended his complaint to join Hertz Equipment Rental Corporation ("Hertz") as a defendant.[2] Doc. 20, p. 2.

Spartech and Sentry, the worker's compensation insurer for Spartech, filed a Motion to Intervene (with consent) on August 23, 2013, and the motion was granted August 26, 2013. Docs. 7, 12. Intervenors sought reimbursement of workers' compensation benefits paid to Brown. Doc. 13. They asserted that this court had supplemental jurisdiction over their claims pursuant to 28 U.S.C. § 1367. *Id.* at 2. Spartech also asserted a claim against Sullair and Service Pump & Compressor for property damage and lost profits. *Id.* at 4–7. In August of 2014 Sentry and Spartech were granted leave to amend their intervention to bring the same claims against Hertz. Docs. 37, 38.

On the face of the pleadings as they existed at the time Sentry and Spartech sought to intervene, no diversity issues were presented by the proposed intervention. The same day the intervention was allowed, however, Sullair moved to amend its original Notice of Removal and that request was granted the following day. Docs. 10, 14. According to the amended notice Sullair stated it was a citizen of Delaware. Doc. 13, p. 1. Accordingly diversity of citizenship was destroyed when Spartech, also a citizen of Delaware, was allowed to intervene as plaintiff.

On August 21, 2014, this court signed a judgment dismissing Brown's entire complaint without prejudice, "reserving all of the rights, claims, and demands of the plaintiffs-in-intervention . . . ." Doc. 43. On August 8, 2015, Sentry and Spartech filed the Motion to Remand currently under consideration. Doc. 51. As we began to review the merits of intervenors' request we became

---

[2] Hertz is alleged to have conducted repairs on the compressor alternatively or in conjunction with Service Pump & Compressor. Doc. 20, p. 2.

aware of the jurisdictional issue caused by our allowing the intervention in the first place. Accordingly we issued an order detailing the procedural events preceding the filing of the motion and mandating as follows:

> On or before October 16, 2015, the parties are to supplement the briefs previously submitted to address the issue of whether Spartech is an indispensable party to this litigation [under FED. R. CIV. P. 19] and suggest to us what should be the disposition of this matter if indeed it is.

Doc. 55, p. 3. Only intervenor Spartech responded. Doc. 57.

## II.
### LAW AND ANALYSIS

The motion to remand framed the issue before this court as whether subject matter jurisdiction was lost as a result of Brown's dismissal of his claims, leaving only a non-diverse intervenor-plaintiff and defendants, or whether we could exercise supplemental jurisdiction over the remaining claims. Upon our review of the pleadings occasioned by this motion, however, we find that diversity was destroyed by the Spartech's entry into the suit. Accordingly we must put ourselves back into the position of how the pleadings stood at the time intervention was sought, determine whether intervenors were required parties to that litigation as contemplated by FED. R. CIV. P. 19, and then consider what the ramifications would be of such a determination.

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Complete diversity" requires that no defendant can be from the same state as any plaintiff. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

If a district court has original jurisdiction over at least one claim in a case, it may exercise supplemental jurisdiction over other claims under 28 U.S.C. § 1367. *See, e.g.*, *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 165 (1997). When original jurisdiction is based solely on diversity, however, a district court cannot exercise supplemental jurisdiction over claims brought by an intervenor if that intervenor is aligned as a plaintiff and its presence in the case destroys diversity. 28 U.S.C § 1367(b).[3] When a party who would destroy diversity jurisdiction seeks to intervene as a plaintiff, the court must deny the motion. *See Griffin v. Lee*, 621 F.3d 380, 387 (5th Cir. 2010); FED. R. CIV. P. 24.

When considering a request to intervene pursuant to Rule 24 we must also consider the ramification of Rule 19 joinder issues to balance the interests of parties and non-parties to a suit. The propriety of the joinder may be raised *sua sponte*. *See Pickle v. Internat'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir. 1986); *McKenzie v. EOG Res. Inc.*, 2008 WL 1995145, at *1 (W.D. La. May 7, 2008); *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 635–46 (W.D. La. Jan. 6, 2014). If, as here, the party seeking intervention is one that would be "**required to be joined** if feasible" the court must dismiss the action unless, "whether, in equity or good conscience," the action can proceed without that party. *Id.* at 19(b) (emphasis added).

Rule 19(a) states that a party is **required to be joined** if its presence (1) is required for complete relief among the existing parties, or (2) if that party asserts an interest relating to the subject of the action and is positioned so that disposing of the action in the party's absence would impair its ability to protect its own interest or expose an existing party to a "substantial risk" of multiple and/or inconsistent obligations. FED. R. CIV. P. 19(a). This includes situations where a defendant may be exposed to "double or otherwise inconsistent liability." *Id.* at Rule 19,

---

[3] Although intervenors alleged in their complaint that this court enjoyed supplemental jurisdiction over their claims (Doc. 13, p. 2) this obviously could not be the case as that exercise is prohibited.

Comments to 1966 Amendment (citing *Developments in the Law–Multiparty Litigation in the Federal Court*, 71 HARV. L. REV. 877, 881 (Mar. 1958) (elaborating on the considerations of fairness which formed the basis of Rule 19(a))).

Spartech and Sentry are **required to be joined.** It is well settled that Louisiana workers' compensation law limits the employer and insurer's rights of subrogation. The statute is phrased permissively, allowing that benefits payors may intervene in a case against a third party tortfeasor to recover benefits paid to an injured employee. LA. REV. STAT. art. 23:1101(B). However, failure by the payors to intervene in the employee's suit bars them from bringing a separate suit against the tortfeasor. *Houston Gen. Ins. Co. v. Commercial Union*, 649 So.2d 776, 782 (La. Ct. App. 1st Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Serv.*, 381 So.2d 396, 400 (La. 1980)). Therefore Spartech's and Sentry's absence from this suit would preclude their ability to protect their interest on the worker's compensation claims as they cannot bring a separate suit in state court to recover the benefits they paid to Brown. No equity or good conscience could allow this suit to go forward without them as they would then be barred from recovering their damages in any other litigation and their presence destroys diversity. The result of these conclusions is that the Spartech and Sentry intervention should have been denied and this case should have been dismissed without prejudice at the time the application for intervention was filed as their joinder was required but not feasible. FED. R. CIV. P. 19.

In its supplemental memorandum Spartech states that "Rule 19 contemplates an action originally brought in federal court. The rule does not mention removal." Doc. 57, p. 4. Spartech does not provide any authority for the notion that Rule 19 does not apply to removed actions. We could cite legions of cases where Rule 19 considerations were indeed applied to removed cases,

including the one on which Spartech argues we should rely to order remand instead of dismissal, *Hensgens v. Deere,* 833 F.2d 1179 (5th Cir. 1987).

*Hensgens* was removed from state court and, after removal, plaintiffs were allowed to amend and name a non-diverse defendant. *Id.* at 1180. On appeal of the district courts' granting of a Motion for Summary Judgment, plaintiffs raised for the first time the issue of whether the district court maintained jurisdiction after allowing plaintiff to name the non-diverse defendant or whether the matter should have been remanded at that time. *Id.* The *Hensgens* court concluded that the district court lacked diversity once it allowed the amended pleading, vacated the district court's granting of the Motion for Summary Judgment, and remanded. *Id.* at 1180–83. The proposition for which *Hensgens* is most often cited is the consideration courts should give under Rule 15(a) whether to allow joinder of parties[4] but it does hold that when joinder of a non-diverse ***defendant*** results in loss of diversity then remand is mandated by 28 U.S.C. 1447. The holding of *Hensgens* requiring remand has since been codified by an amended to section 1447 adding subparagraph (e) which states

> If after removal the plaintiff seeks to join additional ***defendants*** whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.[5]

But this applies only to what happens after removal when plaintiff seeks to join additional non-diverse ***defendants***.

---

[4] The *Hensgens* court noted that a plaintiff's desire to add a non-diverse defendant and thus avoid parallel litigation which could result in judicial inefficiency and inconsistent results competes against the interest of a diverse defendant in retaining the federal forum. The court declined to consider Rule 19 distinctions (which, at the time, were between "dispensable" and "indispensable" parties as opposed to a "person who is required to be joined" as Rule 19 now reads) and rather suggested equitable criteria for the district court to consider when determining whether to allow the amendment in the first instance. *Id.* at 1181–82. But if the amendment was to be allowed and a non-diverse ***defendant*** was added, remand was mandated. *Id.* at 1182

[5] The causal connection between *Hensgens* and the amendments to Section 1447 was noted by the Fifth Circuit in *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

Rule 19(b), on the other hand, quite clearly requires dismissal when "a person who is required to be joined . . . cannot be joined." We have already concluded that Spartech and Sentry are "persons[s] who [are] required to be joined" and that the action could not proceed among the existing parties without Spartech and Sentry losing their ability to recover against defendant. We also know that Spartech cannot be joined because to do so destroys diversity jurisdiction. This is the same result reached by this court in the factually similar case of *Johnson, et al v. Qualawash Holdings, L.L.C.,* 990 F.Supp.2d 629 (W.D.La. 2014).

### III.
#### CONCLUSION

For reasons stated above we find that the [12] order granting the [7] Motion to Intervene should be and it is hereby **RESCINDED** and **IT IS RECOMMENDED** that the case be **DISMISSED** without prejudice on the grounds that the proposed intervenors are persons who are required to be joined but whose joinder is not feasible as it destroys diversity, the basis of this court's subject matter jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of November, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE